IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL ACTION |
| v. : | |
| : | NO.  07-527-01 |
| HERIBERTO TORRES : | |

DuBOIS, J.                                                                                                  December 16, 2011

# M E M O R A N D U M

**I.     Introduction**

On March 5, 2008, defendant Heriberto Torres was charged in a twenty-five count Second Superseding Indictment with various offenses related to distribution of cocaine and cocaine base ("crack") (referred to as "crack cocaine").[1]  Pursuant to a plea agreement with the government, defendant pled guilty to all of the charges and stipulated that he was criminally responsible for seventy-two kilograms of cocaine and 500 grams of crack cocaine.  He further stipulated that the charges of drug distribution within 1,000 feet of a school involved 1,022.89 grams of cocaine and 373.1 grams of crack cocaine.

Presently before the Court is defendant's Pro Se Motion for Consideration.  Defendant seeks resentencing based on certain amendments to the United States Sentencing Guidelines ("USSG") regarding crack cocaine offenses that were promulgated and given retroactive effect after his original sentencing.  For the reasons set forth below, defendant's motion is denied.

---

[1] "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."  USSG § 2D1.1(D).

## II.     Background

### A. Charges and Plea Agreement

Defendant was charged by Second Superseding Indictment on March 5, 2008, with the following offenses:  Count One, Conspiracy to Distribute 500 Grams or More of Cocaine and 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B) (2006) (amended Oct. 15, 2008),[2] 21 U.S.C. § 846; Counts Two and Twenty-Five, Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Count Three, Distribution of Cocaine Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860(a); Counts Four, Seventeen, Nineteen, and Twenty-Three, Distribution of Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); Counts Five, Eighteen, and Twenty, Distribution of Fifty Grams or More of Cocaine Base Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 860(a); Counts Six, Eight, Ten, Twelve, Fourteen, Sixteen, and Twenty-Four, Distribution of Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); Counts Seven, Nine, Eleven, Thirteen, and Fifteen, Distribution of Five Grams or More of Cocaine Base Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860(a); Count Twenty-One, Distribution of 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and Count Twenty-Two, Distribution of 500 Grams or More of Cocaine Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860(a).

Pursuant to a plea agreement with the government, defendant agreed to plead guilty to all twenty-five counts of the Second Superseding Indictment.  As part of the plea agreement, the parties stipulated as follows:

---

[2] The Court omits the year from subsequent references to 21 U.S.C. § 841.  The version of that statute applicable to defendant's conduct was enacted July 27, 2006, and remained effective from that date through April 14, 2009.  Congress has not amended the other relevant statutes.

1. Defendant was criminally responsible for seventy-two kilograms of cocaine and 500 grams of crack cocaine. The offenses involving drug distribution within 1,000 feet of a school[3] involved 1,022.89 grams of cocaine and 373.1 grams of crack cocaine.

2. Defendant was an organizer or leader of a criminal activity that involved five or more participants and was otherwise extensive; he was thus subject to a four-level upward adjustment in offense level under USSG § 3B1.1(a).[4]

3. Defendant was eligible for a three-level downward adjustment in offense level for acceptance of responsibility under USSG §§ 3E1.1(a) and (b).

4. At the time of sentencing, if the government concluded that the defendant rendered substantial assistance in the investigation or prosecution of another individual charged with a crime, the government would move for a downward departure from the guideline sentencing range and mandatory minimum sentence pursuant to USSG § 5K1.1 and 18 U.S.C § 3553(e).

**B. Guideline Calculation and Sentence**

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that contained the sentencing guideline calculation for defendant. All offenses of conviction were grouped together pursuant to USSG § 3D1.2(d). To calculate defendant's base offense level, because the offenses involved both cocaine and crack cocaine, the PSR applied USSG § 2D1.1, comment. (n. 10(D)(i)) (2007 ed.). Under that provision,

---

[3] Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Eighteen, Twenty, and Twenty-Two.

[4] As discussed infra, defendant's original sentence was calculated using the November 1, 2008, edition of the USSG ("the 2008 edition"), and the version currently in effect is the November 1, 2011, edition ("the 2011 edition"). The Court specifies the USSG edition in citations only when the cited provision in the 2011 edition is different in relevant part from the 2008 edition.

defendant's offense level was calculated by converting the total amount of controlled substances to an equivalent quantity of marihuana using the Drug Equivalency Table in USSG § 2D1.1, comment. (n. 10(E)) (2007 ed.).  Because defendant was convicted of drug trafficking in a protected area, defendant's base offense level was the greater of (1) two, plus the offense level in § 2D1.1 applicable to the quantity of controlled substances involving the protected location, or (2) one, plus the offense level in § 2D1.1 applicable to the total quantity of controlled substances.  USSG § 2D1.2(a).  In defendant's case, calculation (2) above provided the greater base offense level.  All of the offenses involved the equivalent of 24,400 kilograms of marihuana, yielding a base offense level of thirty-seven.  See USSG § 2D1.1(c)(2) (2007 ed.).[5]

From the base offense level of thirty-seven, the PSR subtracted two levels on the erroneous belief that USSG § 2D1.1, comment. (n. 10(D)(i)), applied to defendant.[6]  The offense level increased by four levels due to the leadership enhancement, see USSG § 3B1.1(a), and decreased by three levels for acceptance of responsibility, see USSG §§ 3E1.1(a) and (b).  The resulting offense level was thirty-six.[7]  Defendant's criminal history category was I, which,

---

[5] The 2007 edition of the Drug Equivalency Table equated one gram of cocaine to 200 grams of marihuana and one gram of crack cocaine to twenty kilograms of marihuana.  USSG § 2D1.1, comment. (n. 10(E)) (2007 ed.).  Calculation (1) above, considering just the offenses involving a protected location, would have yielded a base offense level of thirty-six.

[6] This was incorrect because USSG § 2D1.1, comment. (n. 10(D)(ii)(II)) (2007 ed.) established an exception to the two-level reduction when the reduction yielded "a combined offense level that [was] less than the combined offense level that would apply . . . if the offense involved only the other controlled substance."  The reduction resulted in an offense level of thirty-five, but the seventy-two kilograms of cocaine, without consideration of the crack cocaine, would have resulted in an offense level of thirty-seven.  See USSG § 2D1.1(c)(2) (2007 ed.).  Therefore, the two-level reduction should not have applied.  Neither party objected to this miscalculation at sentencing; it was raised for the first time in the government's Response to Defendant's Pro Se Motion for Consideration.

[7] Had the two-level reduction in USSG § 2D1.1, comment. (n. 10(D)(i)) (2007 ed.), not been applied, the total offense level would have been thirty-eight, for a guideline range of 235 to 293

combined with an offense level of thirty-six, produced a guideline range of 188 to 235 months.[8] See USSG ch. 5 pt. A.

At sentencing on November 6, 2009, the Court adopted the guideline calculations in the PSR. The government moved for a downward departure from the applicable guideline range and mandatory minimum sentences based on defendant's substantial assistance, pursuant to USSG § 5K1.1 and 18 U.S.C § 3553(e). The Court imposed a sentence of sixty months' incarceration on each count, to run concurrently. (See Judgment, Doc. No. 221, at 3.)[9]

### C. Fair Sentencing Act of 2010 and USSG Amendments

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("the FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which, inter alia, modified the penalties for crack cocaine offenses. The FSA authorized the United States Sentencing Commission ("USSC") to amend the USSG to give effect to the FSA on an emergency basis. Id. § 8. Pursuant to this power, the USSC issued Amendment 748. That provision became effective on November 1, 2010, "conform[ed] the guideline penalty structure [in USSG § 2D1.1(c)] for crack cocaine offenses to the approach followed for other drugs," and reduced crack cocaine's equivalency to a conversion rate of 3,571 grams of marihuana per one gram of crack cocaine. USSG App. C, Amend. 748, "Reason for Amendment." Amendment 748 was not made retroactive at that time. See USSG § 1B1.10 (2010 ed.).

---

months. See USSG ch. 5 pt. A.

[8] Several of the offenses of conviction carried statutory mandatory minimum penalties, all of which were below the low end of the applicable guideline range and thus are not relevant to the calculations discussed in this Memorandum. See USSG § 5G1.1(c).

[9] The Court also imposed a term of supervised release, a fine, and an assessment. Those provisions of the sentence are not at issue.

Amendment 750 to the USSG, which became effective on November 1, 2011, made the changes in Amendment 748 – including the crack cocaine offense guideline revisions – permanent. USSG App. C, Amend. 750. The USSC also issued Amendment 759, which became effective November 1, 2011, and potentially affects this case in two ways. First, Amendment 759 made the changes to the crack cocaine sentencing guideline revisions in Amendment 750 retroactive. See USSG App. C, Amend. 750, "Reason for Amendment." Second, Amendment 759 modifies USSG § 1B1.10, which governs when a term of imprisonment may be reduced by reason of retroactive amended guideline ranges.

### D. Defendant's Pro Se Motion for Consideration

Defendant filed his Pro Se Motion for Consideration on November 17, 2011. He asks the Court to reduce his sentence pursuant to the FSA and the USSG amendments.[10] The government opposes defendant's motion for resentencing. According to the government, "[b]ecause of the error in the guideline calculation at the original sentencing hearing, the amended guideline range is higher than the guideline range . . . that was applied at the original sentencing hearing," and "even if the guideline range had been properly calculated, [defendant's] . . . guideline range would have been exactly the same as his range under the amended guidelines." (Gov't Resp. Def.'s Mot. 5.)

### III. Legal Standard

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the

---

[10] Defendant also asks the Court to appoint an attorney to assist him in seeking resentencing. Because the Court has reviewed defendant's case and concludes that he is not entitled to a reduction in sentence, the Court declines to appoint counsel.

> court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [USSC].

This statute creates a two-step inquiry. Dillon v. United States, __ U.S. __, 130 S. Ct. 2683, 2691 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

In step one, the Court "follow[s] the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. The newly revised version of USSG § 1B1.10, effective November 1, 2011, provides, in relevant part:

> (a) Authority.—
>
>> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .
>>
>> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. . . .
>
> (b) Determination of Reduction in Term of Imprisonment.—
>
>> (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment

>under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
>(2) Limitation and Prohibition on Extent of Reduction.— (A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
>(B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>
>(C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: . . . 750 (parts A and C only).

The Court must first determine whether "the amended guideline range that would have been applicable" to defendant has been lowered. USSG § 1B1.10(b)(1) (2011 ed.). It must do so by substituting only the revised offense guidelines of Amendment 750 and leaving the rest of the calculation as it was. Id. If the revised offense guideline range is lower, resentencing is consistent with USSG § 1B1.10, and the Court may proceed to step two of the Dillon analysis.

However, if the revised offense guidelines do not have the "effect of lowering the defendant's applicable guideline range," a sentencing reduction is not consistent with USSG § 1B1.10, and the Court's inquiry is complete.  See USSG § 1B1.10(a)(2)(B) (2011 ed.).

**IV.     Discussion**

In this case, the Court must undertake two inquiries into the effect of the 2011 USSG amendments.  The first is whether the amended Drug Equivalency Table has the effect of lowering the guideline range applicable to defendant.  The second is whether the "exception for substantial assistance" in USSG § 1B1.10(b)(2)(B), new to the 2011 edition of the USSG, authorizes the Court to reduce defendant's sentence.  The Court addresses each issue in turn.

**A. Defendant Is Not Entitled to Resentencing Based on the Revised Drug Equivalency Table.**

The Court first considers whether the amendments to the Drug Equivalency Table lowered defendant's guideline range.  As under the 2008 edition of the USSG, the Court must combine the quantities of the two different controlled substances by converting them to their marihuana equivalents and adding them.  USSG § 2D1.1, comment. (n.10(B)) (2011 ed.).  However, Amendment 748 made two changes that apply to this case.  First, it reduced the drug equivalency for crack cocaine to 3,571 grams of marihuana per one gram of crack cocaine.  USSG § 2D1.1, comment. (n.10(E)) (2011 ed.); see also USSG App. C, Amend. 748.[11]  Second, the guidelines no longer provide for a two-level deduction when combining crack cocaine and another substance under certain circumstances.  See USSG § 2D1.1, comment. (n.10(B)) (2011 ed.); see also USSG App. C, Amend. 748 ("[Amendment 748] deletes the special rules in Note 10(D) [2008 ed.] for cases involving crack cocaine and one or more other controlled substances.").

---

[11] The equivalency for cocaine was not affected by the FSA and remains 200 grams of marihuana to one gram of cocaine.  USSG § 2D1.1, comment. (n. 10(E)) (2011 ed.).

-9-

As before, defendant's base offense level is the greater of (1) two, plus the offense level in § 2D1.1 applicable to the quantity of controlled substances involving a protected location, or (2) one, plus the offense level in § 2D1.1 applicable to the total quantity of controlled substances. USSG § 2D1.2(a).  As at the original sentencing, calculation (2) above provided the greater offense level because, under the new Drug Equivalency Table, defendant is criminally responsible for the equivalent of 16,185.5 kilograms of marihuana.  See USSG § 2D1.1, comment. (n. 10(E)) (2011 ed.).[12]  This is equivalent to an offense level of thirty-six, see USSG § 2D1.1(c)(2) (2011 ed.), plus the additional level under § 2D1.2(a), for a base offense level of thirty-seven.

Because the Court must "leave all other guideline application decisions unaffected," the offense level again increases by four levels due to the leadership enhancement, see USSG § 3B1.1(a), and decreases by three levels for acceptance of responsibility, see USSG §§ 3E1.1(a) and (b).  The resulting offense level under the amended guidelines is thirty-eight.  Defendant's criminal history is category I, yielding an amended guideline range of 235-293 months' incarceration.  See USSG ch. 5, pt. A.  The amended range exceeds the 188-235 months range adopted by the Court at sentencing.  Because the revised offense guidelines do not have the "effect of lowering the defendant's applicable guideline range," a sentencing reduction is not consistent with USSG § 1B1.10.  See USSG § 1B1.10(a)(2)(B) (2011 ed.).[13]

---

[12] Calculation (1) above, considering only the controlled substances offenses involving a protected location, would produce a drug equivalency of 1,536.9 kilograms of marihuana, for a base offense level of thirty-two, plus two levels, equaling thirty-four.  See USSG § 2D1.1(c)(4) (2011 ed.).

[13] The two-step reduction that was used in error at the original sentencing has been deleted as part of the USSG's enactment of the FSA and is no longer applicable.  However, even assuming arguendo that it still applies, the Court would reach the same result and conclude that defendant is not entitled to resentencing.  Subtracting two levels from the offense level of thirty-eight calculated under the 2011 edition of the USSG yields an offense level of thirty-six, which is the

### B. Amended § 1B1.10(b)(2)(B) Does Not Entitle Defendant to a Comparable Reduction Based on Substantial Assistance.

USSG § 1B1.10(b)(2)(B) – newly added by the 2011 amendments – does not make defendant eligible for resentencing. That provision provides:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

USSG § 1B1.10(b)(2)(B) (2011 ed.).

This provision does not apply to defendant because it is not an independent grant of authority to reduce a sentence. In this case, there is an "amended guideline range determined under subdivision (1)," as discussed supra, but the amended guideline range applicable to defendant under the 2011 guidelines exceeds the range that was adopted by the Court at sentencing. USSG § 1B1.10(b)(2)(B) is inapplicable because the amended guideline range is greater than, not less than, the guideline range that was adopted at sentencing. Amended § 1B1.10 makes clear that § 1B1.10(b)(2)(B) applies only when the Court has already determined that a reduction is appropriate based on an "amended guideline range."

The Court thus concludes that defendant is not entitled to resentencing based on the "exception for substantial assistance" in the 2011 edition of the USSG.

## V. Conclusion

Because the crack cocaine guideline amendments do not "have the effect of lowering the defendant's applicable guideline range," USSG § 1B1.10(a)(2)(B) (2011 ed.), defendant is not

---

same offense level that was used at defendant's original sentencing. Thus, even if defendant again received the benefit of the erroneous two-step deduction, his amended guideline range would not be lowered, and he would not be entitled to resentencing.

entitled to resentencing.  A reduction in defendant's sentence would not be consistent with the USSC's policy statement and is not contemplated by 18 U.S.C. § 3582(c)(2).  Defendant's Pro Se Motion for Consideration is therefore denied.

    An appropriate Order follows.